IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GINA M. OBERSTE                                                                           PLAINTIFF

           v.                              Civil No. 13-2233

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                            DEFENDANT

## MEMORANDUM OPINION

     Plaintiff, Gina Oberste, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g)*.*

**I.**    **Procedural Background:**

     Plaintiff protectively filed her application for DIB on May 2, 2011, alleging an onset date of February 1, 2011, due to fibromyalgia; tissue and nerve damage resulting from a mastectomy; arthritis of the back, neck, and knees; back pain or sciatic nerve pain; and, osteoporosis. Tr. 12, 107-108, 125, 137, 161-162, 174, 177, 187-188.  Her applications were denied initially and on reconsideration. Tr. 53-57, 61-62. An administrative hearing was held on May 7, 2012. Tr. 25-52.  Plaintiff was present and represented by counsel.

     At the time of the hearing, Plaintiff was 43 years old and possessed the equivalent of a high school education.  Tr. 18, 30, 125, 138.  She had past relevant work ("PRW") experience

as a retail salesclerk, forklift operator, department manager, and substitute teacher. Tr. 31-48, 109-124, 128-134, 138, 152-159.

On August 17, 2012, the ALJ found Plaintiff's fibromyalgia, tissue/nerve damage, arthritis, and osteoporosis to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14. The ALJ concluded that the Plaintiff could perform light work involving occasional stooping, kneeling, crouching, crawling, and reaching (including overhead with both arms). Tr. 14-15. Further, he determined that the Plaintiff must avoid even moderate exposure to extreme heat and cold. Tr. 15. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a counter clerk, boat rental clerk, and tanning salon attendant. Tr. 19.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 25, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 15, 16.

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age,

3

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The record currently before the Court reveals that the Plaintiff was diagnosed with breast cancer in 2007, resulting in both a double mastectomy and chemotherapy. Tr. 221-225. In November 2008, her breast reconstruction was completed, but chronic fatigue and chest, neck,

4

back, arm, and leg pain plagued her. Yearly follow-ups with Dr. Issam Makhoul at the University of Arkansas Medical School's ("UAMS") Oncology Department revealed no recurrence of her cancer, and she was ultimately diagnosed with residual post-mastectomy neuropathic pain, chemotherapy induced peripheral neuropathy, and fibromyalgia.[1] Tr. 320-325, 337. These diagnoses are bolstered by medical records documenting pain and swelling in the sacroiliac joint; numbness and weakness down the left thigh; pain in the neck, chest, back, shoulders, elbows, and legs; multiple trigger points to the chest, back, neck, shoulders, and leg; chronic constipation; decreased range of motion; restless leg syndrome; chronic fatigue; frequent falls; and, muscle spasms. Tr. 221-225, 276-278, 280, 281, 286-287, 388-391, 393-394, 402, 405. X-rays conducted in 2010 showed mild degenerative changes at the L4-L5 level. Tr. 284. The Plaintiff was prescribed a variety of medications to treat these complaints, including Percocet, steroids, Nortriptyline, Savella, Neurontin, and Zanaflex. Tr. 221, 276, 278, 280, 286, 303, 395, 398, 399, 400. In fact, in October 2011, the Plaintiff was found to be totally disabled and entitled to receive long-term disability through a long-term disability insurance policy she maintained. Tr. 333-336. *See Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) (ALJ is required to address a finding by VA that a Plaintiff is disabled).

In addition to the numerous records documenting Plaintiff's treatment for the aforementioned impairments, the record also contains statements from three treating doctors. On January 24, 2012, Dr. Makhoul completed a Medical Source Statement. Tr. 346-347. Dr.

---

[1] Fibromyalgia is a common nonarticular disorder of unknown cause characterized by generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep." THE MERCK MANUAL, *Fibromyalgia*, http://www.merckmanuals.com/professional/musculoskeletal_and_connective_tissue_disorders/bursa_muscle_and_tendon_disorders/fibromyalgia.html?qt=fibromyalgia&alt=sh (last accessed February 18, 2015).

Makhoul opined that the Plaintiff's impairments would limit her to lifting less than 10 pounds both frequently and occasionally, sitting for less than 2 hours, and standing and walking for less than 1 hour.  Further, he concluded that she would be unable to reach, would need to change positions frequently, would require frequent rest periods, would need longer than normal breaks, and would require the ability to shift at will from sitting to standing/walking.  Due to her arm and chest pain, Dr. Makhoul also found that the Plaintiff could only finger or handle 1/3 of an eight hour workday.  And, he concluded that she would need to avoid concentrated exposure to high humidity and perfumes and avoid even moderate exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, soldering fluxes, solvents/cleaners, chemicals and sunlight.

In an undated Medical Source Statement, Dr. Sarah Harrington, another of the Plaintiff's treating doctors at UAMS, made similar findings.  Tr. 337.  She indicated that the Plaintiff could lift and carry less that 10 pounds occasionally and frequently; could sit, stand, and walk for less than two hours per day, would need to change positions frequently; would require frequent rest periods; would need longer than normal breaks; and ,would require the ability to sit/stand/walk at will.

On April 26, 2012, Dr. Joe Dunaway, Plaintiff's primary care physician, wrote a letter of opinion regarding the Plaintiff's disability.  Tr. 402, 405.  He indicated that she was prone to frequent falls, suffered from drowsiness as a medication side effect making it very difficult for her to get out of bed, experienced muscle spasms making it difficult for her to get around, and suffered from chronic fatigue.  In his opinion, the Plaintiff was totally and permanently disabled.

The ALJ determined that the Plaintiff could perform a range of light work, dismissing the treating doctors's assessments as being biased because they were completed at the Plaintiff's

6

request. However, the same can be said of the RFC assessment of the non-examining consultant relied upon by the ALJ in his conclusion that the Plaintiff could perform light work. Tr. 294-301. Therefore, given that the Plaintiff's treating doctors are in agreement that she would be unable to perform the range of light work identified by the ALJ, we do not find substantial evidence to support the ALJ's findings. For this reason, remand is necessary to allow the ALJ to reconsider the medical evidence and the assessments of the Plaintiff's treating physicians. *See Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (opinion of treating physician is accorded special deference and granted controlling weight when well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in record). The Plaintiff's treating physicians should be recontacted by the ALJ and asked to provide any additional information the ALJ deems undeveloped, underdeveloped, or unclear prior to the ALJ rendering an opinion on remand.

## IV. Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of February, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE